IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | | |
|---|---|---|---|
| LORNA ORLANDINI, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | No. | 3:12-cv-984-MJR-SCW |
| | ) | | |
| CITY OF ZEIGLER, ILLINOIS and | ) | | |
| JOSEPH K. WILLIAMS, | ) | | |
| | ) | | |
| Defendants. | ) | | |

### FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, LORNA ORLANDINI, by and through her attorney, JOSHUA M. BRADLEY, ATTORNEY AT LAW, and for her cause of action against the Defendants, CITY OF ZEIGLER, ILLINOIS and JOSEPH K. WILLIAMS, alleges as follows:

1.  The Plaintiff, LORNA ORLANDINI, is resident of Franklin County, Illinois.

2.  The Defendant, CITY OF ZEIGLER, ILLINOIS is municipal corporation of Franklin County, State of Illinois.

3.  The Defendant, JOSEPH K. WILLIAMS, is resident of Franklin County, Illinois.

4.  That on August 8, 2011, the Plaintiff's son, CHAD PREMO ORLANDINI, died.

5.  That, at the time of the death, the Medical Examiner/Coroner Certificate of Death stated a cause of death due to asphyxiation due to hanging.

6.  That, at the time of the death, only a minimal investigation was conducted by the Zeigler Police Department and the Illinois State Police was not requested to conduct an investigation.

7.  That the Zeigler Police Department contaminated the scene of the decedent's death.

8. That several individuals have given statements to the investigator hired by the Plaintiff in which they stated that Defendant, JOSEPH K. WILLIAMS, was involved in the death of the decedent, Chad Orlandini.

9. That, upon a further investigation by the private investigator, it has been determined that the Defendant, JOSEPH K. WILLIAMS, made a threat upon the life of the decedent, Chad Orlandini, the day before he passed away.

10. That, upon information and belief, the circumstances surrounding the death of Chad Orlandini have indicated that he did not, in fact, commit suicide, but that he was killed by other individuals.

### COUNT I -- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST CITY OF ZEIGLER, ILLINOIS

1-10. Plaintiff repeats and realleges her allegations contained in Paragraphs 1 through 10 of the Facts Common to All Counts, as though fully set forth herein as Paragraphs 1 through 10 of Count I.

11. Due to the nature of the actions of the Defendant, CITY OF ZEIGLER, Plaintiff has suffered extreme emotional distress in that she has lost sleep and has a loss of appetite.

12. Furthermore, due to the extreme nature of the actions of Defendant, CITY OF ZEIGLER, the Plaintiff is unable to properly address the death of her son.

WHEREFORE, as to Count I, Plaintiff, LORNA ORLANDINI, prays that judgment be entered for her and against the Defendant, CITY OF ZEIGLER, ILLINOIS, and claims damages in excess of $50,000 for compensatory damage and $50,000 in punitive damages for the

2

intentional infliction of emotional distress related to the death of her son to include any attorney fees incurred by the Plaintiff in this action.

### COUNT II -- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST JOSEPH K. WILLIAMS

1-10.  Plaintiff repeats and realleges her allegations contained in Paragraphs 1 through 10 of the Facts Common to All Counts, as though fully set forth herein as Paragraphs 1 through 10 of Count II.

11.  Due to the nature of the actions of the Defendant, JOSEPH K. WILLIAMS, Plaintiff has suffered extreme emotional distress in that she has lost sleep and has a loss of appetite.

12.  Furthermore, due to the extreme nature of the actions of Defendant, JOSEPH K. WILLIAMS, the Plaintiff is unable to properly address the death of her son.

WHEREFORE, as to Count II, Plaintiff, LORNA ORLANDINI, prays that judgment be entered for her and against the Defendant, JOSEPH K. WILLIAMS, and claims damages in excess of $50,000 for compensatory damage and $50,000 in punitive damages for the intentional infliction of emotional distress related to the death of her son to include any attorney fees incurred by the Plaintiff in this action.

### COUNT III -- WRONGFUL DEATH AGAINST JOSEPH K. WILLIAMS

1-10.  Plaintiff repeats and realleges her allegations contained in Paragraphs 1 through 10 of the Facts Common to All Counts, as though fully set forth herein as Paragraphs 1 through 10 of Count III.

11. After investigation by the private investigator hired by the Plaintiff and, upon information and belief, Defendant, JOSEPH K. WILLIAMS, was involved in the death of Chad Orlandini based upon the following circumstances:

    a. Defendant Williams had made a threat upon the life of Chad Orlandini one day before Chad Orlandini's death.

    b. Defendant Williams has made admissions to various individuals that he was involved in Chad Orlandini's death.

    c. That because of the failure of the Zeigler Police Department, no proper investigation or autopsy was completed on Chad Orlandini.

12. That as a result of the failure of the Defendants, the family of Chad Orlandini has suffered from the death of their son and brother, and the pain and suffering that he endured at the time before he departed.

WHEREFORE, as to Count III, Plaintiff, LORNA ORLANDINI, prays that judgment be entered for her and against the Defendant, JOSEPH K. WILLIAMS, and claims damages in excess of $50,000 for compensatory damage and $50,000 in punitive damages for the wrongful death of her son to include any attorney fees incurred by the Plaintiff in this action.

### COUNT IV -- VIOLATION OF CIVIL RIGHTS
### CITY OF ZEIGLER, ILLINOIS

1-10. Plaintiff repeats and realleges her allegations contained in Paragraphs 1 through 10 of the Facts Common to All Counts, as though fully set forth herein as Paragraphs 1 through 10 of Count IV.

11. That, pursuant to 42 USC §1983, that the City of Zeigler Police Department were acting under the color of state law during the investigation of the decedent's death.

12. That in the ongoing investigation, the City of Zeigler by and through its police officers, did violate the civil rights of the decedent, in that it failed to provide adequate or proper investigation into the wrongful death of Chad Orlandini, the deceased.

13. That the City of Zeigler Police Department failed to conduct interviews pursuant to their police authority in an adequate manner.

14. That the City of Zeigler Police Department negligently failed to properly and fully investigate the decedent's death which is a violation of the 14th Amendment of the Constitution of the United States.

15. That the City of Zeigler Police Department failed to adequately perform their duties as police officers and failed to have adequate supervision of the investigation of the decedent's death all in violation of the 14th Amendment of the Constitution of the United States

16. Pursuant to 42 USC §1983, such matter is a federal issue and federal question of law and it therefore provides for subject matter jurisdiction to this lawsuit.

WHEREFORE, as to Count IV, Plaintiff, LORNA ORLANDINI, prays that judgment be entered for her and against the Defendant, CITY OF ZEIGLER, and claims damages in excess of $50,000 for compensatory damage and $50,000 in punitive damages for the wrongful death of her son to include any attorney fees incurred by the Plaintiff in this action.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF SIX ON ALL COUNTS**

JOSHUA M. BRADLEY, #6269452

5

Joshua M. Bradley
709 N. Carbon Street
P.O. Box 57
Marion, Illinois 62959
(618) 997-6534

AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222 (b)

STATE OF ILLINOIS      )
                       )   SS
COUNTY OF WILLIAMSON   )

The undersigned, Joshua M. Bradley, after being first duly sworn upon my individual oath hereby states that I am the attorney for the Plaintiff herein and that the total damages sought in this cause exceeds the sum of Fifty Thousand Dollars ($50,000.00).

Further affiant sayeth not.

_____
Joshua M. Bradley

SUBSCRIBED and SWORN to before me,
a Notary Public, this 8Th day of November, 2012

_____
Pamela J. Schemonia
Notary Public

My commission expires: 12/27/2014

"OFFICIAL SEAL"
PAMELA J SCHEMONIA
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12/27/2014

7