IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LORNA ORLANDINI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-cv-0984-MJR-SCW |
| ) | |
| CITY OF ZIEGLER, ILLINOIS, ) | |
| And JOSEPH K. WILLIAMS, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

In September 2012, Lorna Orlandini filed a complaint in this United States District Court naming two Defendants:  (1) the City of Ziegler, Illinois and (2) an individual, Joseph K. Williams.  When an attorney entered on behalf of one of the two Defendants, the undersigned District Judge conducted threshold review of the suit.

In an Order dated October 16, 2012, the Court noted that the suit appeared to present claims for wrongful death and intentional infliction of emotional distress resulting from the death of Plaintiff's son, Chad Orlandini, but the complaint was unclear as to whether Chad died while in police custody, whether Chad's mother is alleging violation of civil or constitutional rights, or how her claims supported the exercise of this Court's jurisdiction:  "Simply put, the complaint, as drafted, does not articulate the basis for federal subject matter jurisdiction, and the Court is not permitted to speculate but must know precisely what jurisdictional source the plaintiff asserts and then determine whether in fact jurisdiction lies" (Doc. 7, p. 3).

The Court directed Plaintiff's counsel to file a First Amended Complaint clearly alleging the basis for subject matter jurisdiction in this District Court.  Plaintiff did so on November 9, 2012.  The amended complaint does not specifically cite the federal diversity statute (28 U.S.C. 1332), the federal question statute (28 U.S.C. 1331), or the supplemental jurisdiction statute (28 U.S.C 1367).  Count IV of the complaint, however, references the 14th Amendment to the United States Constitution and a federal civil rights statute, 42 U.S.C. 1983.  It also states that this "matter is a federal issue and federal question of law" furnishing subject matter jurisdiction (Doc. 12, p. 5).

The amended complaint sufficiently invokes federal question jurisdiction under 28 U.S.C. 1331.  Accordingly, the case will be **ASSIGNED a B Track** and (by separate Order) given a firm trial date.

One other matter bears mention.  In his pro se answer to the complaint filed October 23, 2012, Defendant Williams presented a motion to dismiss the counts of the original complaint which were directed against him.  The Court **DENIES** the motion to dismiss (contained within Doc. 10, given separate docket number of Doc. 11) on several grounds.

First, dismissal motions should be filed separately, not included within the defendant's answer.  Second, the dismissal motion was directed at a complaint which the Court previously found insufficient on jurisdictional grounds and ordered amended.  Because the dismissal motion was directed at a complaint that has been replaced by an amended complaint, Williams' dismissal motion has been rendered moot.  Finally, if the Court had considered the dismissal motion on the merits, the undersigned Judge would not have found dismissal warranted on the bases presented in the motion.

2

IT IS SO ORDERED.

DATED November 12, 2012.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge
