IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LORNA ORLANDINI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-0984-MJR-SCW |
| | ) |
| CITY OF ZIEGLER, ILLINOIS, | ) |
| and JOSEPH K. WILLIAMS, | ) |
| | ) |
| Defendants. | ) |

<u>DISMISSAL ORDER</u>

REAGAN, District Judge:

In September 2012, Lorna Orlandini filed suit in this Court against two Defendants – the City of Ziegler, Illinois and an individual (Joseph K. Williams) – relating to the death of Lorna's son, Chad Orlandini. The original complaint did not clarify the basis for federal subject matter jurisdiction, did not reveal the capacity in which Lorna Orlandini sues on her deceased son's behalf, and raised other fundamental questions.

Pursuant to an Order entered by the undersigned Judge, an amended complaint was filed in November 2012, properly invoking federal subject matter jurisdiction (one claim under 42 U.S.C. 1983 supporting federal question jurisdiction plus supplemental jurisdiction over the state law claims). The amended complaint contained claims for intentional infliction of emotional distress, wrongful death, and violation of federally-secured constitutional rights.

On the City of Ziegler's motion (fully briefed by the parties), however, the Court concluded that the Court that Plaintiff's first amended complaint failed to state a claim upon which relief could be granted, warranting dismissal under Rule 12(b)(6). The Court ruled that way after finding, *inter alia* (Doc. 30):

> Count I of the first amended complaint does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew v. National Collegiate Athletic Ass'n,* **683 F.3d 328, 334 (7th Cir. 2012).** That conclusion holds true for Count IV as well. As drafted, the complaint is devoid of allegations to support a facially plausible claim by Lorna for violation of constitutional rights under the Fourteenth Amendment, however the Court attempts to construe the claim.
>
> The first amended complaint does not state a claim upon which relief can be granted against the City. Nor does it state a claim against Defendant Williams. The intentional infliction of emotional distress claim (Count II) falls short against Williams as it did against the City, because several necessary elements of that tort are not alleged.
>
> Furthermore, the wrongful death claim against Defendant Williams (Count III) does not survive Rule 12(b)(6) scrutiny, because Lorna Orlandini sues on her own behalf as an individual, not as the special administrator of Chad's estate. "A wrongful death cause of action must be brought by, and in the name of, the representative or administrator of the decedent's estate," who alone possesses "the sole right of action" under the Illinois Wrongful Death Act. *Cushing v. Greyhound Lines, Inc.,* **965 N.E.2d 1215, 1231 (Ill. App. 2012),** *citing Will v. Northwestern University,* **881 N.E.2d 481 (Ill. App. 2007).**

The Court granted the City's dismissal motion but permitted Plaintiff "another opportunity to amend," stating that Plaintiff *must* file a Second Amended Complaint by March 1, 2013 (Doc. 30, p. 9). That date came and went without any filing by Plaintiff in this Court -- neither the Second Amended Complaint nor a motion for extension of time in which to file one.

2

Accordingly, pursuant to Federal Rule of Civil Procedure 41(b), the Court **DISMISSES this action without prejudice**, based on Plaintiff's failure to prosecute and failure to comply with the Court's February 8, 2013 Order.

IT IS SO ORDERED.

DATED March 9, 2013.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge
